UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Nos.: 3:06-CR-4-TAV-HBG |
| | ) | 3:06-CR-93-TAV-HBG |
| JONATHAN LAMAR HAYES, | ) | |
| Defendant. | ) | |

**ORDER**

This action is before the Court on the defendant's motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 35 in case number 3:06-CR-4; Docs. 16, 17, 18 in case number 3:06-CR-93]. On October 23, 2006, the defendant was convicted of possession with intent to distribute five grams or more of cocaine base in case number 3:06-CR-93 and possession of a firearm during and in relation to a drug trafficking crime in case number 3:06-CR-4, receiving a total sentence of 130 months' imprisonment [Doc. 29 in case number 3:06-CR-4; Doc. 8 in case number 3:06-CR-93].

On April 22, 2011, the defendant's sentence was reduced to 117 months' imprisonment based upon amendments to the sentencing guidelines [Doc. 34 in case number 3:06-CR-4; Doc. 15 in case number 3:06-CR-93]. The government did not object to this reduction, despite the fact that it resulted in a sentence of three months less than the statutory mandatory minimum term of imprisonment for the controlled substance conviction in case number 3:06-CR-93.

On August 3, 2010, Congress passed the Fair Sentencing Act ("FSA"). Pub. L. No. 111-220, 124 Stat. 2372. The FSA lowered the statutory penalties for crack cocaine offenses under 21 U.S.C. § 841.

In his most recent memoranda [Doc. 37 in case number 3:06-CR-4; Doc. 20 in case number 3:06-CR-93], the defendant seeks a sentence reduction in light of *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). In *Blewett*, a divided panel of the Sixth Circuit Court of Appeals held that the Equal Protection Clause requires application of the FSA's reduced statutory penalties to motions to reduce otherwise-final sentences under 18 U.S.C. § 3582(c), regardless of when a defendant was originally sentenced. 719 F.3d at 490–94.

The government petitioned the Court of Appeals for a rehearing en banc. Given that motion, the government moved this Court to hold the defendant's motions in abeyance pending resolution of that petition. For reasons explained in a prior order [Doc. 41 in case number 3:06-CR-4; Doc. 24 in case number 3:06-CR-93], the Court held the defendant's motions in abeyance.

The Court of Appeals ultimately granted the government's petition, and on December 3, 2013, reversed. The en banc panel held that the FSA's "new mandatory minimums do not apply to defendants sentenced before it took effect" and that "§ 3582(c)(2) does not provide a vehicle for circumventing that interpretation." — F.3d —, 2013 WL 6231727, at *2 (6th Cir. Dec. 3, 2013). The en banc panel further held that the

Constitution does not dictate a different result. *Id.* Accordingly, *Blewett* no longer supports the defendant's motion for a reduction in sentence.

The reversal in *Blewett* is important here because the defendant requests that the Court reduce his sentence based upon Amendment 750 to the guidelines. Yet, the Court is constrained by the pre-FSA statutory mandatory minimum term of imprisonment on the defendant's conviction in case number 3:06-CR-93, and therefore, no reduction is warranted on this basis. U.S.S.G. § 5G1.1.

In light of the foregoing, the defendant's motions [Doc. 35 in case number 3:06-CR-4; Docs. 16, 17, 18 in case number 3:06-CR-93] are hereby **DENIED**.

IT IS SO ORDERED.

                                            s/ Thomas A. Varlan
                                            CHIEF UNITED STATES DISTRICT JUDGE